## 57809. LONG v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction of one count of enticing a child under the age of 14 for indecent purposes, and another count for child molestation. *Held:*

1. The general grounds are without merit. The testimony of the alleged victim, if believed, supports the verdict. It is evident the jury believed the victim.

2. The trial court did not err in overruling defendant's motion for a directed verdict of acquittal on counts four, five, six and seven. A defendant is entitled to a directed verdict only where there is no conflict in the evidence and the evidence, with all reasonable deductions, demands a verdict of not guilty. Code Ann. § 27-1802 (Ga. L. 1971, pp. 460, 461). There was a conflict in the evidence. Furthermore, our standard for reviewing the overruling of such motion is the "any evidence" rule. *Bethay v. State,* 235 Ga. 371, 375-376 (219 SE2d 743). The alleged victim testified that the defendant asked him "at least five times" to go with him to the woods to view some

films which "just showed having sex . . ." A person commits this offense "when he solicits . . . any child under the age of 14 to go to any place whatsoever for the purpose of child molestation or indecent acts . . ." Code Ann. § 26-2020 (CCG § 26-2020, Ga. L. 1968, pp. 1249, 1302). Although the avowed purpose of the secluded rendezvous was to view "sex" films, the defendant, according to this alleged victim, and two other child witnesses, was guilty of lewd, lascivious and indecent acts upon their person when he was alone with them. There is sufficient evidence of record to support the verdict.

3. The detective who investigated this incident testified that he advised the defendant "of his rights and he elected to take the fifth . . ." Upon objection the testimony was stricken and the jury instructed to disregard. Counsel requested no further instructions or a mistrial. On appeal defendant contends he was deprived of "his right to a fair trial."

The testimony was stricken and the jury instructed to disregard. This is all that is required in the absence of additional requests of the defense. *Burce v. State,* 146 Ga. App. 383, 384 (246 SE2d 412). In the absence of a request for further instructions or motion for mistrial, nothing is presented for review by this court. *Parrott v. State,* 144 Ga. App. 835 (2) (243 SE2d 97); *Tiller v. State,* 238 Ga. 67 (1) (230 SE2d 874); *Shepherd v. State,* 239 Ga. 28 (1) (235 SE2d 533); see also *Roberts v. State,* 231 Ga. 395 (1) (202 SE2d 43).

4. Defendant complains of the trial court's charge to the jury that they must combine the first three counts together into one offense and the last four counts were also combined into one offense. The first three counts, of child molestation, are alleged to have occurred on September 26, October 22, and November 15, of 1977. The four counts of enticement alleged dates of October 10, 13, 18 and 23, all of 1977. The young boy was not positive of the dates the offenses occurred, only that they were between September and November of 1977. The court charged the jury, in effect, that the state did not have to prove the precise date alleged and could prove any date within the last four years. Thus, he combined all offenses of each genre into one count. The permissible sentence was reduced from 140

years to 40 years. A defendant must show harm as well as error. We can not perceive how the defendant was harmed. In essence, the court struck five counts, leaving only one count of each type. We find no prejudicial error.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED MAY 9, 1979 — DECIDED JUNE 22, 1979 — REHEARING DENIED JULY 17, 1979 —

*Garland, Nuckolls & Kadish, Edward T. M. Garland, William M. Warner,* for appellant.

*W. A. Foster, III, District Attorney, Wayne Pitts, Kenneth Shigley, Barbara V. Tinsley, Assistant District Attorneys,* for appellee.