## 62911. INGRAM v. THE STATE.

BIRDSONG, Judge.

Bobby Lee Ingram was convicted of armed robbery and sentenced to life imprisonment. He enumerates two alleged errors. *Held:*

1. In his first enumeration, Ingram contends the trial court erred in allowing the state to impeach one of appellant's co-defendants who had been called as a state's witness. Appellant argues that the co-defendant (who had earlier been tried and convicted of the same armed robbery) had made two earlier statements, each inconsistent with the other; therefore, the state was aware that the witness might not testify consistently with the statement most helpful to the state's case. On this basis Ingram argues the state could not plead surprise, the basis upon which the impeachment was allowed.

The transcript shows that the co-accused originally had given a statement in which he denied that he knew a robbery was to take place, or that he knowingly participated in it, but admitted being present at the scene of the robbery and identified appellant as being one of the persons present. Later, the co-accused made a second statement in which he said he wanted to clear up some misstatements of fact which had appeared in the first statement and in effect admitted his guilt of the crime. At the time of trial (so far as the record shows), the co-accused, for the first time, exonerated the appellant by maintaining that Ingram was present at the motel while the robbery was taking place but that Ingram was outside asleep in the car. Under such facts we do not find it unreasonable for the state to consider that the co-accused would testify consistently with his second statement, which for all apparent purposes was designed to speak the truth and clear up ambiguities in the first statement.

For entrapment to exist under Code Ann. § 38-1801, it was not necessary for the state to show that the testimony of the witness came as a total surprise. *Ellenburg v. State,* 239 Ga. 309, 310 (236 SE2d 650); *Wilson v. State,* 235 Ga. 470, 472-473 (219 SE2d 756). The use of the prior inconsistent statement of the co-accused was not error in that an appropriate foundation was laid and it was admitted for impeachment purposes. *Wisdom v. State,* 234 Ga. 650, 655 (217 SE2d 244). We find no error in this enumeration.

2. In his second enumeration, Ingram complains that the trial court erred in failing to direct a verdict of acquittal. In considering this motion the trial court was warranted in concluding that a car bearing three passengers drove into the parking area of the Azalea Motel. These three men were observed in the car by the

victim-manager. Shortly thereafter, two men entered the motel lobby seeking a room. After a few moments, one of the men drew a pistol and demanded money. The manager sought to disarm the armed robber. As they were struggling, the other robber picked up a potted plant and broke the pot over the victim's head. This terminated the struggle. The victim, with a gun in his face, surrendered his keys and the robbers removed the cash from the cash drawer and took the victim's wallet. During the struggle, one of the robbers lost his driver's license on the floor of the lobby. As the two robbers left the motel, they re-entered the car and three men were seen driving away. The victim found the driver's license and reported the robbery to the police. A check on the license disclosed that it was probable that the car being driven was a 1967-68 black Fury. A short time thereafter, a 1967-68 black Fury containing three men was seen about a mile away from the scene of the robbery. A chase of the vehicle commenced. When the car was stopped on a dead end street in Camilla, one of the passengers was the person identified by the driver's license and one was the appellant. In the console of the car was a roll of coins bearing the stamped name of the motel. Along the side of the dead end street was found a pistol that appeared to be one used in the robbery. A black jacket was found further along the road containing a $100 bill in the pocket. The victim testified that he had had four $100 bills in his wallet. Also alongside another road was found the victim's wallet. The appellant voluntarily took the officers to the place where he remembered one of his companions throwing a wallet out of the window, thus leading to the recovery of the wallet.

Appellant contends that he was asleep in the car and was not aware that a robbery was taking place. He thus admits being present at the motel but in effect contends that mere presence is not enough to warrant a conviction. We are not in disagreement with that statement of law. However, we are satisfied that there is much more presented by the evidence than mere presence. Any rational trier of fact could have concluded (as the jury did) that Ingram was present, aiding and abetting in the commission of a planned armed robbery. There is sufficient evidence to establish beyond reasonable doubt that Ingram was acting as "lookout" and as the "get-away man."

A defendant is entitled to a directed verdict of acquittal under Code Ann. § 27-1802 only where there is no conflict in the evidence and a verdict of not guilty is demanded as a matter of law. *Long v. State,* 150 Ga. App. 796 (2) (258 SE2d 603). Where there is a conflict in the evidence as there was in this case, the trial court properly submits the case to the jury for resolution. *Merino v. State,* 230 Ga. 604 (198 SE2d 311). This enumeration is without merit.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

Decided January 19, 1982.

*Larry B. Mims,* for appellant.
*Gilbert J. Murrah, District Attorney, Edward Parker, J. Brown Moseley, Assistant District Attorneys,* for appellee.