## 39056. HARDISON v. HASLAM.

MARSHALL, Justice.

On June 15, 1981, the appellee was officially notified that he had been declared a habitual violator and that his license and privilege to operate a motor vehicle in this State was revoked for a period of five years. See Code Ann. § 68B-308 (Ga. L. 1975, pp. 1008, 1032; as amended, Ga. L. 1980, pp. 691, 693). The classification of the appellee as a habitual violator was based upon his convictions for driving under the influence of intoxicants.

On July 15, 1981, the appellee was afforded a departmental hearing before a hearing officer, subsequent to which hearing the reinstatement of his driver's license was denied on August 3, 1981.

From the adverse decision of the Department of Public Safety, the appellee pursued a de novo appeal to superior court pursuant to Code Ann. § 68B-315. The superior court granted the appellee's motion for summary judgment, thus effectively reversing the department's declaration of the appellee as a habitual violator. This court granted the application for discretionary appeal of the Commissioner of the Department of Public Safety. We reverse.

1. The Department of Public Safety is required to declare an individual to be a habitual violator when the records of the department disclose that the person has been convicted three or more times of a violation of Code Title 68A (here, driving under the influence of intoxicants) within a five-year period, to be computed from the date of the most recent offense. The appellee contends that the department improperly considered the third conviction — which occurred in the State of Florida — in computing the number of convictions needed in order to classify him as a habitual violator. He bases this contention on the provisions of Code Ann. § 68B-308 that allegedly require the *generating* offense to be "a violation of Title 68A or of a valid local ordinance adopted pursuant thereto" (which the Florida offense was not) and state that the generating offense is to be added to the *previous* convictions.

However, Code Ann. § 68B-308 (b) provides: "As used in this section, 'habitual violator' means any person who has been convicted in *any of the United States:* 1. Three or more times of: ... (C) violating Chapter 68A-9 of Title 68A of the Georgia Code (Uniform Rules of the Road) *or of violating the law of any other State,* or of a valid municipal or county ordinance substantially conforming to an offense in said Chapter 68A-9; ..." (Emphases supplied.) Ga. Code Ann. § 68A-902(a) (Ga. L. 1974, pp. 633, 671) provides in pertinent part, that "... A person shall not drive or be in actual physical control of any moving vehicle while: (1) Under the influence of alcohol; ..." The Florida offense of which the appellee was convicted — driving with an unlawful blood alcohol level — is defined in Fla. Stat. Ann. § 316.193 (3) as follows: "(3) It is unlawful and punishable as provided in subsection (4) for any person with a blood alcohol level of 0.10%, or above, to drive or be in actual physical control of any vehicle within this State."

The traffic citation issued to the appellee in the State of Florida shows that his blood alcohol level at the time of his arrest was 0.18%, or 0.08% more than the 0.10% which constitutes a presumption of intoxication under the statutes of both Florida and Georgia. See Ga. Code Ann. § 68A-902.1 (b)(3) (Ga. L. 1974, pp. 633, 672; 1977, p. 1036). The appellee's conviction of the offense of driving with an unlawful blood alcohol level in the State of Florida constitutes a conviction of an offense "substantially conforming to an offense in said Chapter 68A-9," i.e., § 68A-902. We find no legislative intent to require that the third, or generating, offense must have occurred within the State of Georgia, as the appellee urges. The serious nature of an offense is not affected by the State in which it was committed.

2. The appellee's contention, that the department improperly considered prior convictions of driving under the influence of intoxicants when he was not represented by counsel, is unsupported by evidence. Furthermore, even if this contention were proven, it has been held that there is no abridgment of one's Sixth Amendment right to counsel where, as here, on none of the previous proceedings was the person ever deprived of his liberty. *Johnston v. State,* 236 Ga. 370 (3) (223 SE2d 808) (1976).

3. Finally, it has been contended by the appellee that the habitual-violator statute was unconstitutional, as constituting double jeopardy and a violation of his right to counsel.

Although this constitutional issue was raised by the petitioner-appellee at the administrative hearing, it was not ruled on by the hearing officer, who expressly decided the case on another basis. Similarly, in his appeal to superior court, the appellee raised

this issue, but it does not affirmatively and clearly appear that the issue was necessarily passed on by that court, inasmuch as no findings of fact or conclusions of law were either required or made in the ruling on the motion for summary judgment. Code Ann. § 81A-152 (a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171).

"It is well settled that '(T)his court will not pass upon the constitutionality of a statute unless it *clearly* appears that the point was properly raised in the trial court *and passed on. Tant v. State,* 226 Ga. 761 (177 SE2d 484) (1970).' *Thornton v. State,* 234 Ga. 480 (216 SE2d 330) (1975)." (Emphases supplied.) *Alexander v. State,* 239 Ga. 810 (239 SE2d 18) (1977). Even if it be assumed that the superior court necessarily passed on the constitutional issue, however, this involves merely an application of our holding in *Johnston v. State,* 236 Ga. 370, supra, (1, 3), upholding the constitutionality of the statute as against the same attacks here made.

Accordingly, the superior court erred in its judgment granting summary judgment for the appellee.

*Judgment reversed. All the Justices concur, except Hill, P. J., who dissents.*

DECIDED OCTOBER 19, 1982.

*Michael J. Bowers, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellant.
*Joseph Thomas McGraw,* for appellee.