## 64845. ELDELL v. THE STATE.

BIRDSONG, Judge.

Ronnie Eldell was convicted of armed robbery, aggravated assault and possession of marijuana. He was sentenced to concurrent terms of life imprisonment for the armed robbery and ten years each on the aggravated assault and possession offense.

Eldell was one of three separately tried co-defendants in the episode for charges arising out of which each participated. See *Hamilton v. State,* 162 Ga. App. 116 (290 SE2d 478); *Ingram v. State,* 161 Ga. App. 5 (288 SE2d 842). Ingram and Eldell entered a motel and after some preliminary discussion, Ingram held a pistol on the night manager. When a struggle ensued, Eldell picked up a potted plant and struck the manager over the head. They then removed money from the motel cash register and from the manager's pocket and fled in a car operated by Hamilton. Based upon a description of the car and two of the occupants (Eldell and Ingram), the car was stopped and the occupants arrested. When they were taken back to the motel, the manager unequivocally identified Ingram as the robber who had held the gun and with less certainty identified Eldell as the one who struck him over the head with the potted plant. Eldell subsequently identified a jacket found on the side of the road near the apprehension scene as his. In this jacket or under it were found fruits of the crime and several packets of marijuana. Eldell admitted the marijuana was his. Eldell brings this appeal enumerating three alleged errors. *Held:*

1. In the first enumeration of error, Eldell contends that the escape vehicle was stopped without probable cause, and thus the fruits flowing from the resulting arrest were not admissible against him. This same contention, based on arguments to the same effect, was advanced by Hamilton and was held by this court to be without merit. *Hamilton v. State,* supra, p. 117.

2. In his second enumeration, Eldell argues there was an incomplete chain of custody as to a large envelope used by the state in which one of the arresting officers transported the 16 bags of marijuana to the state lab for examination. The transporting officer testified he placed 16 separate bags into the larger envelope. Each of the smaller bags was marked by him but he could not positively identify the larger envelope because he had not placed any marks thereon. However, the receiving chemist testified he had received a larger envelope from the transporting officer containing 16 smaller envelopes. The chemist had placed his identifying marks on the larger envelope as well as on each of the smaller ones. The chemist was able to identify all of the items of evidence as being those received

from the transporting officer and as directly pertaining to the appellant Eldell. We find no merit in this enumeration. *Thompson v. State,* 154 Ga. App. 704, 705 (1) (269 SE2d 474).

3. Appellant's final enumeration of error complains that the trial court erred in denying a motion for new trial based upon the foregoing two asserted errors. There being no merit in either of the preceding enumerations, there was no error in the denial of the motion for new trial.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 8, 1982.

*Donald T. Robinson,* for appellant.

*Gilbert J. Murrah, District Attorney, Edward C. Parker, Assistant District Attorney,* for appellee.