69637. ROBINSON v. THE STATE.

(326 SE2d 599)

McMURRAY, Presiding Judge.

Appellant was convicted of the offense of armed robbery. In his sole enumeration of error, he contends the evidence is insufficient to support the verdict. *Held*:

Two men, Robert Adams and Michael Robinson (appellant's brother), robbed a convenience store at gunpoint in the early morning hours of May 4, 1982. They took a money bag, several hundred dollars

in cash and a couple of six-packs of beer. The two men fled from the store on foot. They were picked up in an automobile driven by appellant. Another individual, George Pace, was also in the car. The four men had been driving around together before the robbery took place. Appellant, Pace and appellant's brother had picked up Adams at the latter's home. (Adams owed appellant some money and appellant suggested that Adams go for a ride with him.) Pace gave a pistol to Adams for "protection." Appellant was in the automobile when Pace gave Adams the gun and he knew that Adams had been given the gun by Pace. According to Adams, he and Michael Robinson decided on their own to rob the convenience store. Adams testified that appellant knew nothing of the plans to rob the store; that appellant picked up Adams and his brother after the robbery at a prearranged time and place; and that appellant did not know that the store had been robbed when he picked up the two men.

The police spotted the automobile driven by the appellant in the vicinity of the convenience store within minutes of the robbery. Three police vehicles pursued appellant's automobile for about a mile or mile and a half. Each police vehicle had its blue light flashing. Appellant increased his speed and refused to stop the automobile. Appellant did not stop until one of the police vehicles cut in front of him and blocked the road. A search of the automobile driven by appellant revealed the presence of a gun and the stolen money bag under the front passenger seat. The beer which was taken in the robbery was found in the back of appellant's automobile.

"While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, ' "presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." ' *Jones v. State*, 242 Ga. 893 (252 SE2d 394) (1979)." *Kimbro v. State*, 152 Ga. App. 893, 894 (264 SE2d 327). The evidence in the case sub judice, although circumstantial, was sufficient to enable a rational trier of fact reasonably to conclude that appellant was guilty of armed robbery (as the "get-away man") beyond a reasonable doubt. *Kimbro v. State*, 152 Ga. App. 893, supra; *Ingram v. State*, 161 Ga. App. 5, 6 (2) (288 SE2d 842). The jury was authorized to disbelieve Adams' testimony that appellant knew nothing of the robbery in the face of the circumstances pointing to appellant's guilt. *Frazier v. State*, 152 Ga. App. 743 (1) (264 SE2d 35); *Timberlake v. State*, 158 Ga. App. 125, 127 (1) (279 SE2d 283).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 20, 1985.

*H. Haywood Turner III*, for appellant.

*William J. Smith, District Attorney, Michael D. Reynolds, Assistant District Attorney*, for appellee.