A91A0404. MAYS v. THE STATE.
(408 SE2d 714)

SOGNIER, Chief Judge.

Buford Mays was arrested on June 19, 1989 and indicted on a charge of possessing cocaine with the intent to distribute. See OCGA § 16-13-30 (b). On December 4, 1989, he pled guilty to that offense (hereinafter referred to as the "June 19th offense"), and under the First Offender Act, Ga. L. 1968, p. 324, OCGA § 42-8-60, he was sentenced, inter alia, to five years probation and 60 to 120 days in a detention center with the adjudication of guilt suspended and deferred in accordance with the Act. Four days later, on December 8, 1989, he was arrested on a separate charge of possession of cocaine with intent to distribute (the "December 8th offense"). The trial court deferred ruling on the State's motion to revoke Mays' probation on the June 19th offense until after the trial on the indictment stemming from the December 8th offense, at which a jury found Mays guilty. After judgment was entered on the jury's verdict, the trial court then found that based on the December 8th offense, Mays had violated the terms of

his probation. Consequently, the trial court revoked Mays' probation, adjudicated him guilty of the June 19th offense pursuant to his guilty plea, and, in accordance with OCGA § 16-13-30 (d), imposed a sentence of life imprisonment on the June 19th offense. We granted Mays' application for discretionary review under OCGA § 5-6-35 (a) (5).

1. We find no merit in appellant's first enumeration in which he contends the evidence that supported his conviction on the December 8th offense was insufficient under the preponderance of the evidence standard, OCGA § 42-8-34.1 (a), to establish that he had violated his probation. We note that OCGA § 42-8-60 (b) provides that "upon a conviction for another crime during the period of probation, . . . the [trial] court may enter an adjudication of guilt," and that appellant does not contend that his conviction on the December 8th offense was not properly before the trial court when it adjudicated him guilty on the June 19th offense.

Moreover, our review of the transcript of the trial of appellant's December 8th offense discloses evidence that in an area known for its illegal drug activities, police officers on patrol observed appellant, who was standing holding a beer, turn and climb the stairs to the porch of a house when they approached. As the officers watched, appellant, who was alone on the porch, tried hurriedly but unsuccessfully to enter the house through the front door, then turned and left after setting down his beer bottle and placing another item inside a 12-pack beer carton on the porch. Acting on the suspicion that appellant was under the legal drinking age (which later proved accurate), one officer approached appellant while the other officer investigated the beer carton on the porch. Appellant's half empty bottle was beside the carton, which was found to contain several unopened beer bottles and a plastic sandwich bag filled with what was later determined to be crack cocaine. Appellant was carrying $810 in cash, primarily $20 bills, and a radio-call beeper.

We find this was ample evidence from which a rational trier of fact could have concluded that appellant was guilty beyond a reasonable doubt of possession of cocaine with the intent to distribute under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Riley v. State*, 196 Ga. App. 148 (395 SE2d 394) (1990). It follows that the State carried its burden of establishing that violation by a preponderance of the evidence. See generally OCGA §§ 24-1-1 (5); 24-4-3; *Monroe v. Sigler*, 256 Ga. 759, 761 (6) (353 SE2d 23) (1987).

Accordingly, the trial court did not err by setting aside appellant's probation, adjudicating him guilty of the June 19th offense, and sentencing him thereon.

2. Appellant contends the trial court erroneously construed

OCGA § 16-13-30 (d). That statute provides: "Except as otherwise provided, any person who violates subsection (b) of this Code section with respect to [cocaine and other specified substances] shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than five years nor more than 30 years. *Upon conviction of a second or subsequent offense*, he shall be imprisoned for life." (Emphasis supplied.) Appellant argues that under OCGA § 16-13-30 (d), the trial court is required to consider when the offenses were committed, not when the convictions are entered, when sentencing a defendant, and therefore, the trial court erred by entering a life sentence on his first (June 19th) offense, even though it was his second conviction for possession of cocaine with intent to distribute. We do not agree.

"The cardinal rule of construction of statutes is to carry into effect the legislative intent and purpose of the Act, if ascertainable, and it is within constitutional limits. [Cits.]" *Dismuke v. State*, 142 Ga. App. 381, 383 (236 SE2d 12) (1977). " 'Generally, where the language used by the legislature is plain and unambiguous, judicial construction is unnecessary. (Cit.) But where, as here, the words of the statute are inherently ambiguous, our task is to "look diligently for the intent of the General Assembly." (Cit.)' [Cit.]" *State v. Mulkey*, 252 Ga. 201, 202 (2) (312 SE2d 601) (1984).

We find that the legislative intent behind OCGA § 16-13-30 (d) and the purpose for its enactment is to deter repeat offenders of certain drug crimes enumerated in OCGA § 16-13-30 (b) and to segregate persons who have two convictions of such offenses from the rest of society for an extended period of time. See *Grant v. State*, 258 Ga. 299, 300 (368 SE2d 737) (1988). The language employed by the General Assembly to effect this purpose is at best unclear. However, while we agree that "[a]ny criminal law should be plain and unambiguous and not dependent upon the current conflicting views of appellate judges[, cit.] . . . [i]t is also true that the '. . . legislative intent will prevail over the literal import of the words.' [Cit.]" *Mitchell v. State*, 239 Ga. 3 (1) (235 SE2d 509) (1977). Furthermore, " '[i]t is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature.' [Cit.] 'The construction must square with common sense and sound reasoning.' [Cit.]" *Mulkey*, supra at 204.

Accordingly, we construe OCGA § 16-13-30 (d) to mean that a person who has been convicted of and sentenced for violation of an offense set forth in OCGA § 16-13-30 (b) must receive a sentence of life imprisonment upon his or her second or subsequent conviction of an offense under subsection (b). Our interpretation, while it does not give precedence to the literal words of the statute, comports with the

legislative intent. To construe OCGA § 16-13-30 (d) in the manner proposed by appellant so as to place the statute's emphasis on the number of the accused's "offenses" rather than on the number of "convictions" could produce the unreasonable and unconstitutional result of mandating a life sentence where a defendant, charged with a second violation of OCGA § 16-13-30 (b), is convicted of the later, "second" offense despite the fact that trial has not yet been had on the "first" offense or despite acquittal on the first offense.

We find no merit in appellant's argument that we must prefer his construction of the statute over any other construction because OCGA § 16-13-30 (d), as a criminal statute, should be interpreted to favor him, the accused, and not the State. "Though criminal statutes are to be construed strictly against the State, they are also to be construed so as to give legislative intent precedence over the literal import of words and to avoid unreasonable or illogical results. [Cits.]" *Felker v. State*, 172 Ga. App. 492, 493-494 (1) (323 SE2d 817) (1984).

Based upon our interpretation of the sentencing provision in OCGA § 16-13-30 (d), we find no error in the trial court's determination that appellant's conviction on the June 19th offense constituted a second conviction for an offense in violation of OCGA § 16-13-30 (b).

3. In his remaining enumerations appellant asserts numerous errors in the imposition of and the length of the sentence rendered on his June 19th offense.

First, we do not agree with appellant that anything in *Parker v. State*, 188 Ga. App. 738 (374 SE2d 230) (1988) requires reversal of this case. The holding in *Parker* was based on language in the first offender sentence form (i.e., that "the defendant has been found guilty of the above-stated offense") which the record here clearly reveals was stricken from appellant's first offender sentence form, thereby utterly distinguishing that opinion from the case sub judice.

Next, appellant correctly notes that the language in his probation order, providing that if his probation was revoked "the Court may order the execution of the sentence which was originally imposed or any portion thereof in the manner provided by law," is identical to language in the probation order form discussed in *Stephens v. State*, 245 Ga. 835, 837 (268 SE2d 330) (1980). However, we do not agree with appellant that the holding in *Stephens* requires reversal here because, unlike the probation order form in *Stephens*, the record reflects that the probation order form executed by appellant did inform him that an increased sentence could be imposed because of the provision "that upon violation of the terms of probation, the Court may enter an adjudication of guilt and proceed to sentence defendant to the maximum sentence provided by law." Since unlike the defendant in *Stephens*, supra, appellant was "informed to the contrary [that violation of his first offender probation could result in him receiving the

maximum sentence] when [his] sentence [was] imposed," id. at 838, we find no error in the trial court's sentence in excess of the sentence originally imposed.

Finally, it is clear that at the time appellant pled guilty to the June 19th offense of possession of cocaine with intent to distribute, appellant had never been convicted for any other offense under OCGA § 16-13-30 (b) (thereby entitling him to consent to first offender treatment). Hence, the punishment for that offense was imprisonment for not less than five years nor more than 30 years. OCGA § 16-13-30 (d). However, when sentence was entered on that offense after appellant violated the terms of his probation by committing and being convicted for the December 8th offense, that conviction on the December 8th offense meant appellant's conviction on the June 19th offense was his second conviction of an OCGA § 16-13-30 (b) offense for purposes of sentencing him under OCGA § 16-13-30 (d), see Division 2, supra, with the result that a sentence of imprisonment for life was mandated. Id. See *Grant*, supra. Appellant, however, argues that he should have been sentenced to no more than the maximum sentence provided by law at the time appellant pled guilty (i.e., 30 years).

"It is obvious that the General Assembly intended the first offender probation to have a different effect than probation in other cases. Any probationary sentence entered under this Act is *preliminary only*, and, if completed without violation, permits the offender complete rehabilitation without the stigma of a felony conviction. If, however, such offender does not take advantage of such opportunity for rehabilitation, his trial which has, in effect, been suspended is continued and an adjudication of guilt is made and a sentence entered. Unlike other probated sentences the defendant is not merely serving his sentence outside the confines of prison, but is serving a period on probation to determine whether or not the prisoner may be rehabilitated.

"If, by violating the terms of his probation, the defendant shows that he is not worthy of the offered opportunity for rehabilitation *then, and only then is he sentenced* to the penitentiary. No former adjudication of guilt having been made and no prior sentence having been entered thereon, the defendant is *subject to receive any sentence permitted by law* for the offense he has been found guilty of committing." (Emphasis supplied.) *State v. Wiley*, 233 Ga. 316, 317-318 (210 SE2d 790) (1974).

The law requires the defendant to consent to first offender treatment. OCGA § 42-8-60 (a). The record establishes that appellant was informed before he consented to such treatment that if he violated the terms of his probation the trial court would "enter an adjudication of guilt and proceed to sentence [appellant] to the maximum sentence provided by law," and the mandatory life imprisonment provi-

sion of OCGA § 16-13-30 (d) was in effect at the time appellant consented to first offender treatment. OCGA § 42-8-60 (b) provides that "[u]pon violation by the defendant of the terms of probation[ or] upon a conviction for another crime during the period of probation, . . . the court may enter an adjudication of guilt *and proceed as otherwise provided by law.*" (Emphasis supplied.) Since the law in the case sub judice, OCGA § 16-13-30 (d), mandates a sentence of life imprisonment upon a second conviction for possessing cocaine with the intent to distribute, see *Grant,* supra, and appellant had previously been convicted of possessing cocaine with the intent to distribute as to the December 8th offense, the trial court properly proceeded according to the law by following the mandatory sentencing provision of OCGA § 16-13-30 (d) when sentencing appellant on the June 19th offense. Accordingly, we find the trial court did not err by entering the sentence of life imprisonment in the case sub judice.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

ON MOTION FOR RECONSIDERATION.

Appellant contends our holding is erroneous because the record reveals he did not know he could receive the maximum sentence provided by law upon violation of the terms of his probation in that the December 5, 1989 probation order form, which clearly set forth that matter, does not reflect his signature in the space provided. However, the record also contains appellant's traverse to a motion made by the State (regarding a matter not in issue here) and an affidavit by appellant's attorney admitting that the December 5th document correctly reflected what appellant and the State negotiated. Accordingly, we find no merit in appellant's argument disclaiming knowledge of that document's contents.

*Motion for reconsideration denied.*

DECIDED JULY 1, 1991 —
RECONSIDERATION DENIED JULY 15, 1991 — ▮

*Henry G. Smith, Jr.,* for appellant.
*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Thomas J. Matthews, Assistant District Attorneys,* for appellee.