A91A1446. BEASLEY v. THE STATE.
(414 SE2d 663)

Judge Arnold Shulman.

The appellant brings this appeal from the denial of his motion for new trial following his conviction of selling cocaine.

1. The appellant contends that the trial court erred in permitting the undercover agent to whom the sale was made to relate to the jury the content of certain statements made to her by an informant on the night of the transaction. The trial court originally sustained the appellant's objection to such questioning on hearsay grounds but thereafter allowed it on redirect examination, based on a determination that defense counsel had opened the door to it during his cross-examination of the agent. We find no error. See generally *Williams v. State*, 251 Ga. 749, 785 (312 SE2d 40) (1983); *Halm v. State*, 125 Ga. App. 618 (1) (188 SE2d 434) (1972).

2. On the same date the appellant was indicted for the present offense, which was alleged to have occurred on May 5, 1989, a separate indictment was returned charging that on May 12, 1989, he had committed the offense of possessing cocaine with intent to distribute. The appellant was tried and convicted on the latter charge prior to the trial of the present case; and on the basis of that conviction, he was sentenced to life imprisonment in the present case pursuant to OCGA § 16-13-30 (d), which mandates the imposition of a life sentence "[u]pon conviction of a second or subsequent [such] offense. . . ." The appellant apparently accepts that his present conviction constituted a "conviction of a second or subsequent offense" within the contemplation of this Code section. However, he argues that where one has not "received the benefit of rehabilitation before the harshest punishment [is] imposed," the mandatory imposition of a life sentence constitutes cruel and unusual punishment; and he

therefore contends that, as applied to the present case, the statute is violative of the Eighth and Fourteenth Amendments to the United States Constitution.

The transcript of the sentencing hearing reveals that after the state had introduced a certified copy of the prior conviction into evidence without objection, appellant's counsel advised the court that it was his belief that "Your Honor shares my view that [OCGA § 16-13-30] as applied to these type of cases is unconstitutional as it violates the Eighth Amendment prohibition against cruel and unusual punishment." Counsel did not elaborate, and the trial court responded as follows: "The court doesn't agree that it's unconstitutional since the Supreme Court of Georgia has applied it already." (The court was evidently referring to *Grant v. State*, 258 Ga. 299 (368 SE2d 737) (1988), in which the Supreme Court rejected an attack on the statute as being facially violative of the Eighth Amendment.) Counsel's only further comment on the issue was, "Yes, sir."

Under these circumstances, we must conclude that the appellant failed to elicit a ruling from the trial court on his contention that OCGA § 16-13-30 (d) is unconstitutional as applied to the particular facts of the present case. An appellate court " ' "will not pass upon the constitutionality of a statute unless it *clearly* appears that the point was properly raised in the trial court *and passed on*." [Cit.]' [Cit.]" *Hardison v. Haslam*, 250 Ga. 59, 61 (295 SE2d 830) (1982). Consequently, we hold that this enumeration of error presents nothing for review. We note, however, that the Supreme Court has recently held that the General Assembly could legitimately have considered the "repeated[] possess[ion] of cocaine with the intent to place it in the stream of commerce" to be a sufficient threat to the public health, safety and welfare to warrant the mandatory imposition of a life sentence. *Tillman v. State*, 260 Ga. 801, 802 (400 SE2d 632) (1991). Thus, there would appear to be no constitutional requirement that a defendant receive "the benefit of rehabilitation" before a life sentence for such repeated conduct may be imposed.

*Judgment affirmed. Carley, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

With respect to Division 2 of the Court's opinion, I concur because the issue which appears to me to be crucial and which appellant attempts to present as part of his argument is not properly before us. He frames his enumeration of error by contending that the statute's mandatory life sentence for second offenses violates the Eighth and Fourteenth Amendments to the United States Constitution. That is the same contention that he made in the trial court, which the majority quotes.

But there he did not state any *grounds* or explain why or how the statute's mandate was constitutionally infirm. Nor did he describe what he meant by "these type of cases." The most that can be comprehended from this, then, is that he simply attacked the statute's mandatory life sentence as cruel and unusual punishment per se, which was an attack on the statute itself. He did not allege that, although it was a constitutional statute, its application to *him* under the circumstances of his case was unconstitutional. Thus the trial court could do no more than reject the challenge, because the Georgia Supreme Court had almost two years earlier affirmed the facial validity of the statute under the Eighth and Fourteenth Amendments in *Grant v. State*, 258 Ga. 299, 300 (2) (368 SE2d 737) (1988). No petition for certiorari was filed in the United States Supreme Court, so the Georgia Supreme Court's ruling controls that issue. 1983 Ga. Const., Art. VI, Sec. VI, Par. VI. Its transfer of Beasley's case, which originally was filed in the Supreme Court, confirms that ruling and eliminates the challenge to the constitutionality of the law, which would have been within its exclusive jurisdiction. 1983 Ga. Const., Art. VI, Sec. VI, Par. II (1). (In *Tillman v. State*, 260 Ga. 801 (400 SE2d 632) (1991), decided subsequent to Beasley's trial, the statute per se survived a constitutional due process challenge.)

Buried in appellant's argument is a new ground, that the statute, as construed by the sentencing court to apply to his circumstances, violates the Federal Constitution. That is, if the word "second" in OCGA § 16-13-30 (d) can have been intended by the legislature to apply to all second convictions rather than only to convictions for offenses occurring after first convictions, it is unconstitutional under the Eighth and Fourteenth Amendments. This new argument, that the legislature did not intend such an application as was made in his case, attacks the trial court's judicial construction of the statute, not its facial constitutionality. He claims that under a proper construction, the statute's mandatory life sentence would not apply to him.

The statute does say "second" offense. The conviction before us, and for which the trial court imposed the mandatory maximum, was not appellant's second offense; it was the first. Analogous reasoning underlies Division 2 in *Mitchell v. State*, 202 Ga. App. 100, 101 (413 SE2d 517) (1991).

The mandate in OCGA § 16-13-30 (d) applies when there is a second conviction and it is for an offense which occurred after defendant committed an offense and was convicted of it. That is the plain language of the statute, which we are bound by. OCGA § 1-3-1 (b). " '[T]he language being plain, and not leading to absurd or wholly impracticable consequences, it is the sole evidence of the ultimate legislative intent.' " *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981). The instant case involves Beasley's *first* offense; he was not

convicted in this case of *again* committing a violation of OCGA § 16-13-30 (b).

I would disagree with the analysis and holdings in Divisions 2 and 3 of *Mays v. State*, 200 Ga. App. 457 (408 SE2d 714) (1991). Quoted in that case, supra at 461, is the statement in *State v. Wiley*, 233 Ga. 316, 317 (210 SE2d 790) (1974), that when first offender treatment is revoked, the defendant is subject to sentence "for the offense he has been found guilty of committing." *That* offense was Wiley's first.

DECIDED NOVEMBER 27, 1991 —
RECONSIDERATION DENIED DECEMBER 19, 1991.

*Hal T. Peel*, for appellant.

*Dupont K. Cheney*, District Attorney, *J. Thomas Durden, Jr.*, Assistant District Attorney, for appellee.