A93A0852. ROBINSON v. THE STATE.
(430 SE2d 830)

McMURRAY, Presiding Judge.

Via indictment, the State accused appellant Antonio Demetrius Robinson, Roy Cardo Livermore and Makeba Ceylon Robinson of, inter alia, armed robbery (Count 1), aggravated assault (Count 2), and two counts of kidnapping (Counts 3 and 4). In addition, the State charged Livermore in Count 5 and appellant in Count 6 with possession of a firearm during the commission of a crime. In that regard, the

State alleged that during the commission of an armed robbery, Livermore had on his person a .38 caliber revolver and appellant had on his person a .22 caliber revolver. Livermore and Makeba Robinson pleaded guilty to armed robbery; appellant pleaded not guilty and was tried by a jury of his peers. The jury found appellant guilty of armed robbery, aggravated assault and possession of a firearm during the commission of a crime; it found appellant not guilty of kidnapping. The trial court sentenced appellant to a total of 25 years confinement (to serve 5 years) and he moved for a new trial. The trial court denied appellant's motion for a new trial and this appeal followed. *Held*:

1. Viewing the evidence in a light favorable to the State, as we are bound to do, we find the following: On the night in question, appellant, Livermore and appellant's cousin, Makeba Robinson talked about pulling off a robbery. Early in the morning, at approximately 2:00 a.m., appellant, Livermore, and appellant's cousin went to the Golden Gallon convenience store. Livermore and appellant entered the store. Livermore held a gun on the clerk and demanded money while appellant stood "lookout" at the door. The clerk handed the money over and Livermore and appellant ran out of the door. Once outside, the duo encountered a customer and Livermore aimed a gun at his face.

Within minutes of the robbery, a deputy sheriff (who was in the vicinity of the convenience store) was advised to be on the lookout for two black males (one of whom was dressed in a red shirt) who had just robbed the convenience store. Within seconds, the deputy spotted a car with three black males coming from the direction of the convenience store. When the deputy turned his vehicle around, the car started to accelerate. It "eventually" stopped and two black males, one of whom wore a red shirt, emerged. The deputy ordered the driver out of the car and he complied. Other officers arrived in short order. One of them searched the getaway car and found a money bag and a .22 caliber pistol under the seats. A .38 caliber pistol was found the next day in a yard adjoining the scene of the arrest.

In his first enumeration of error, appellant asserts the evidence was insufficient to support his conviction. In this regard, he argues that there was no evidence that he used a gun in the robbery or that he knew a gun would be used by Livermore. This assertion is without merit. The State's evidence was sufficient to authorize the jury to conclude that appellant aided and abetted in the commission of the armed robbery and was a party to the crime. *Robinson v. State*, 173 Ga. App. 502 (326 SE2d 599); *Stevens v. State*, 158 Ga. App. 656 (1) (281 SE2d 629).

2. Appellant contends in his second enumeration of error, the trial court erred in refusing to grant a motion to suppress (1) evidence

seized from the getaway car, (2) appellant's statement and (3) the victims' identification testimony. We disagree.

A motion to suppress is to be aimed at tangible evidence, not confessions or identification testimony. See OCGA § 17-5-30; *Martin v. State*, 201 Ga. App. 643, 644 (1) (411 SE2d 788). Thus, it cannot be said that the trial court erred in failing to grant a motion to suppress appellant's statements and the identification testimony. *Jarrell v. State*, 234 Ga. 410, 416 (3) (216 SE2d 258). (We note, additionally, that the trial court reserved its ruling with regard to non-tangible evidence until the time of trial and that appellant did not object to the identification evidence when it was offered at trial. Thus, appellant waived his right to raise the admissibility of the identification evidence on appeal. *Baxter v. State*, 188 Ga. App. 598, 600 (3) (373 SE2d 834).)

With regard to the evidence seized from the getaway car, it is clear that appellant, a mere passenger in the car, does not have standing to challenge the legality of the seizure. *Morgan v. State*, 195 Ga. App. 732 (394 SE2d 639). It follows that the trial court did not err in refusing to grant appellant's motion to suppress the tangible evidence seized from the car.

3. In his third enumeration of error, appellant contends the trial court erred in failing to grant a motion for a mistrial when, on redirect, the State elicited the following from a detective who interviewed appellant: "Q. Lieutenant Brumbelow, [appellant's counsel] asked you . . . if you knew that Roy Livermore had the .38 during this robbery and you said yes. How did you know that? A: Because [appellant] told me Roy had the .38." The basis of appellant's motion for mistrial was that appellant's statement regarding who had the .38 was involuntary inasmuch as it was made after appellant requested the services of a public defender. Whether or not the statement was involuntary, we find no error. Appellant had opened the door to the State's question when defense counsel, on cross-examination, asked the detective if he knew that the .38 was used by Livermore. See *Beasley v. State*, 202 Ga. App. 349 (1) (414 SE2d 663). Besides, we can see no reasonable possibility that the State's question and the detective's answer contributed to appellant's conviction. If there was any error, it was harmless beyond a reasonable doubt. *Vaughn v. State*, 248 Ga. 127, 131 (281 SE2d 594).

4. Appellant's fourth enumeration of error cannot be considered because it raises an argument that differs from the argument raised in the trial court. "[W]here an entirely different objection or basis for appeal is argued in the brief which was not presented at trial we will not consider that basis as we are limited to those grounds presented to and ruled upon by the trial court. [Cit.] 'The . . . rule is that the scope of review is limited to the scope of the ruling in the trial court

as shown by the trial record and cannot be enlarged or transformed through a process of switching, shifting.' [Cits.]" *Clark v. State*, 180 Ga. App. 280, 281 (2), 282 (348 SE2d 916).

5. The trial court did not err in refusing to charge the jury on robbery as a lesser included offense of armed robbery since the uncontradicted evidence showed completion of the offense of armed robbery. *Millis v. State*, 196 Ga. App. 799, 800 (3) (397 SE2d 71). The fifth enumeration of error is without merit.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED APRIL 7, 1993 —
RECONSIDERATION DENIED APRIL 22, 1993 

*J. M. Raffauf, Alden W. Snead,* for appellant.
*David McDade, District Attorney, William H. McClain, Assistant District Attorney,* for appellee.