### 40200. THE STATE v. HENDRIXSON.

WELTNER, Justice.

Hendrixson was arrested on two occasions for separate sales of cocaine, a controlled substance. She was convicted and sentenced to 15 years imprisonment for the offenses culminating in the first arrest. Thereafter, she was tried and convicted for the second series of offenses. The second conviction resulted in a sentence of imprisonment for life, under the provisions of OCGA § 16-13-30 (d) (Code Ann. § 79A-811).

On appeal, the Court of Appeals vacated the life sentence on the ground that the prior offenses were not set out in the indictment, relying upon *Riggins v. Stynchcombe,* 231 Ga. 589, 592-593 (203 SE2d 208) (1974), as follows: "For one to receive recidivist punishment he must have been indicted under a recidivist statute, his prior convictions having been considered by the Grand Jury and having been included in the indictment." *Hendrixson v. State,* 167 Ga. App.

516, 517 (306 SE2d 349) (1983).

We granted certiorari to consider whether or not the rule in *Riggins,* supra, should be applied to sentencing pursuant to OCGA § 16-13-30 (d) (Code Ann. § 79A-811), which provides: "Upon conviction of a second or subsequent offense, he shall be imprisoned for life."

At the outset, it must be noted that *Riggins* arose during the short life of a two-step felony sentencing procedure created by former Code Ann. § 26-1813 (b), (Ga. L. 1969, pp. 857, 863) wherein the jury first determined guilt, and then heard matters in aggravation or mitigation, prior to imposing sentence. That procedure was supplied by Ga. L. 1974, p. 352, providing for sentencing by the presiding judge, except in death penalty cases. OCGA § 17-10-2 (Code Ann. § 27-2503).

The question remains, then, as to the import of the language of OCGA § 16-13-30 (d) (Code Ann. § 79A-811), "Upon conviction of a second or subsequent offense, he shall be imprisoned for life." Is this language sufficient to create a separate and independent offense, and thus require an allegation relative to the earlier offense in the indictment? Or is it merely a direction as to the imposition of punishment under specified aggravated circumstances?

We hold it as the latter, there being no statutory prerequisite as to a conviction which *antedates* the offense for which the accused is sentenced. Thus it falls within the category of other legislative directions as to punishment, such as mandatory minimum terms of imprisonment for subsequent armed robberies (OCGA § 16-8-41 (Code Ann. § 26-1902)) and burglaries (OCGA § 16-7-1 (Code Ann. § 26-1601)).

Because *Riggins* stands for the proposition that it is error to disclose to the jury prior convictions before a determination of guilt, (231 Ga. at 592) the only purpose for their inclusion in the indictment is to give to the accused unmistakable advance warning that the prior convictions will be used against him at sentencing. ("But is it sufficient to indict an accused for one offense, convict him of the one offense charged, and then impose punishment at the second phase of the trial pursuant to recidivist statutes which permit maximum punishment greater than the maximum punishment for the individual offense for which the accused was indicted and convicted?" 231 Ga. at 592.

The substance of this caveat is avoided, however, in a manner different from inclusion of prior offenses within an indictment by the 1974 Act, OCGA § 17-10-2 (a) (Code Ann. § 27-2503), which provides: "In the hearing the judge shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including

the record of any prior criminal convictions and pleas of guilty or nolo contendere of the defendant, or the absence of any prior conviction and pleas, *provided that only such evidence in aggravation as the state has made known to the defendant prior to his trial shall be admissible.*" (Emphasis supplied.)

We note that we have reached a similar result in a case involving the imposition of the death penalty, *Stephens v. Hopper,* 241 Ga. 596 (247 SE2d 92) (1978). There, the sentence was imposed upon former Code Ann. § 27-2534.1 (b)(1) [OCGA § 17-10-30 (b)(1)], specifying as an aggravating circumstance the commission of the offense of "murder . . . by a person with a prior record of conviction for a capital felony. . . ." The defendant in that case argued that, because at the time of the murder for which he was sentenced to death he had *no* conviction for a capital felony, the section was inapplicable. In rejecting this contention, we noted: "This argument raises the question whether, in deciding if the appellant has 'a prior record of conviction for a capital felony' the jury should consider his record as of the moment of the crime or as of the time of sentencing. We conclude the latter was intended by the legislature, and at the time of his sentencing Stephens' jury could correctly find that he had such a record. To conclude otherwise would produce the intolerable result that an offender with no prior record could commit numerous separate murders one after the other before being apprehended, and then, at the trials for those murders, could *never* receive death under this aggravating circumstance even though convicted of each and every one of the murders."

It follows that the life sentence imposed in the present case is lawful, as the evidence reflects compliance by the state with the requirement of OCGA § 17-10-2 (a) (Code Ann. § 27-2503). Anything to the contrary in *Johnson v. Hopper,* 238 Ga. 670 (235 SE2d 27) (1977), relying apparently upon *Riggins* (sub nom. *Black v. Caldwell,* 231 Ga. 589 (203 SE2d 208) (1974)), is disapproved.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 5, 1984.

*Michael H. Crawford, Assistant District Attorney,* for appellant. *Timothy P. Healy,* for appellee.