## 70386. HAYES v. THE STATE.
(332 SE2d 917)

BIRDSONG, Presiding Judge.

John Dudley Hayes was convicted of aggravated assault and sentenced to ten years with seven to serve and three on probation. He brings this appeal enumerating three asserted errors.

A statement of the case from which the alleged enumerations oc-

curred will help to place those enumerations in proper perspective. The facts show that Hayes and his paramour lived together in a home with the woman's two children. Shortly after they began their liaison, a disagreement arose between Hayes and his lover, Riddle. As the dispute grew heated, Hayes struck Riddle in the face with a beer bottle breaking the bottle as well as several of her teeth, and causing her to lose several of her teeth. She had him arrested but no disposition of those charges ever occurred.

Shortly thereafter, when they had again began cohabitation, Hayes discovered Riddle in bed with another man. On this occasion, Hayes choked Riddle until she temporarily lost consciousness. She again had him arrested for terroristic threats in that he threatened to kill her. Once again, these charges were not pursued. On the occasion of the present assault, Hayes, Riddle and Riddle's daughter were all working at the same place. They were paid and pooled their money to make a down payment on a used car. Hayes left Riddle at home asleep and went out alone. He spent a large amount of the money on alcoholic drinks. When Riddle found out about his profligacy, she began to cry. He apparently, in vengeful anger, pinned her on the bed and beat her unmericifully about the head with his clinched fists. When Riddle managed to make her escape because Hayes became nauseated, she was bleeding from her nose and ears. She suffered a cracked cheekbone and needed two weeks to recover from the damage to her face, hands, and arms.

After Riddle had testified to the beating and its background, she left the courtroom and apparently spoke to some of the assembled state's witnesses. Upon objection by Hayes as to a violation of the rule of sequestration, the trial court conducted a hearing as to the extent of her activities and any prejudice that might have occurred. Ms. Riddle stated she told her daughter that she (the daughter) did not have to disclose the daughter's present address; that she found the activity as a witness "scary"; that she thought she would be on the stand only a few minutes and had testified for more than an hour; and that there was some question as to whether Hayes had been drunk on the first incident (not an incident under charge) when Riddle had been struck by a beer bottle. The trial court was satisfied that the violation was not intentional and that no witness' testimony had been suggested or compromised. As a result the trial court refused to disqualify any witness, would not charge the jury as to the effect of the violation on credibility by the compromise and denied a motion for mistrial. *Held*:

1. In his first enumeration of error, Hayes complains the trial court erroneously denied a motion in limine and thereafter erred in allowing evidence of the two earlier incidents of beating administered by Hayes to Ms. Riddle. We find no merit in this enumeration. Hayes

defended by arguing that he had been drunk and had no recollection of ever assaulting Ms. Riddle, if he in fact did. He argued he loved her, wanted to marry her, and never would intend grievously to harm her.

Evidence of prior offenses of a similar nature may be admitted in criminal prosecutions for the purpose of manifesting a common motive, bent of mind, or course of conduct. *Thomas v. State*, 234 Ga. 635 (1) (217 SE2d 152); *Rivers v. State*, 147 Ga. App. 19 (1) (248 SE2d 31). Because Hayes raised the issue of his motive or state of mind, the relevance of the evidence to the issues of the trial far outweighed its prejudicial impact and thus properly was admitted by the trial court. *Garrett v. State*, 147 Ga. App. 666, 671 (8) (250 SE2d 1).

2. In his second enumeration, Hayes contends the trial court erred in not ruling out the testimony of the witnesses "contaminated" by the violation of sequestration or at least minimally charging the jury as to the effect of such exposure upon the credibility of the subsequent testimony.

The trial court is vested with broad discretionary powers in ruling upon matters of sequestration and that discretion will not be questioned in the absence of an abuse. *Thomas v. State*, 240 Ga. 441, 444 (241 SE2d 194). The witnesses to be called obviously could only testify (because of hearsay limitations) to the circumstances of the last beating (and actual charge). The violation of the sequestration by the victim (Riddle), while certainly exposing her to a potential contempt action, did not disqualify the subsequent witnesses (see *Watts v. State*, 239 Ga. 725, 731 (238 SE2d 894)) and, considering the matters discussed in their presence and the lack of impact on the subsequent testimony given by these witnesses, we can find no harmful error nor egregious abuse of discretion by the trial court in failing to taint (by limiting) the testimony of these witnesses in the perception of the jury. See *Blanchard v. State*, 247 Ga. 415, 417 (1) (276 SE2d 593); *Boyd v. State*, 168 Ga. App. 246, 250-251 (308 SE2d 626). This enumeration has no substantial merit.

3. In his last enumeration of error, Hayes complains the trial court erred in denying a properly phrased charge on circumstantial evidence concerning the intent in Hayes' mind and whether the manner he used his fists constituted the changing of non-lethal fists into deadly weapons.

Hayes has misconstrued the issue. The trial court charged fully and properly that fists are not per se deadly weapons and the jury must find that the nature of the attack, the words accompanying it, and the injuries inflicted were or were not sufficient to illuminate the nature of the assault and the deadliness of the use of his hands by Hayes. There was no absence of evidence to establish that Hayes did in fact inflict serious injuries upon Ms. Riddle by beating her with his

hands. Though there may have been a conflict, there was direct evidence as to that issue. It is not error to fail to charge on circumstantial even in the face of a request where the state does not rely solely on circumstantial evidence. *Johnson v. State*, 235 Ga. 486 (3) (220 SE2d 448). Thus, where there is, as here, some direct evidence, it is not error to fail to charge on circumstantial evidence. *DePalma v. State*, 228 Ga. 272 (1) (185 SE2d 53); *Allen v. State*, 150 Ga. App. 109, 110 (3) (257 SE2d 5).

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in Divisions 1, 3 and in the judgment.*

DECIDED JUNE 12, 1985.

Elaine Maret Gordon, for appellant.
Robert E. Wilson, District Attorney, Susan Brooks, Assistant District Attorney, for appellee.