## A89A1590. ADAMS v. THE STATE.
(388 SE2d 747)

McMurray, Presiding Judge.

Defendant was convicted of child molestation. He now appeals. *Held*:

In his sole enumeration, defendant contends the trial court erred in charging the jury on voluntary intoxication as a defense, arguing that he did not testify or otherwise raise voluntary intoxication as a defense. More specifically, defendant contends that "he did not request a charge on intoxication being a defense that would negate any intent that he had formed during the evening of [the offense]."

Although defendant did not raise voluntary intoxication as a defense, the evidence showed that defendant was voluntarily intoxicated at the time he molested the victim. " 'Where there is any evidence, however slight, upon a particular point, it is not error to charge the law in relation to that issue. (Cit.) Hence, the trial court did not err by charging the jury on (voluntary intoxication as a defense.)' *Johnson v. State*, 185 Ga. App. 505, 506 (1) (364 SE2d 893) (1988)." *Lovell v. State*, 189 Ga. App. 311, 312 (2), 313 (375 SE2d 658).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED NOVEMBER 21, 1989.

*Jimmy D. Berry, Roger L. Curry*, for appellant.

*Thomas J. Charron, District Attorney, Nancy I. Jordan, Assistant District Attorney*, for appellee.