S90A0251. EDWARDS v. THE STATE.
(390 SE2d 580)

BELL, Justice.

The appellant, Kenneth Edwards, appeals from his conviction of the possession of cocaine with the intent to distribute. This conviction was Edwards' second such conviction, and he was sentenced to life in prison, as is mandated by OCGA § 16-13-30 (d). Edwards contends that under § 17-10-2 (a) the trial court was without authority to consider his previous conviction, and that therefore he could not be sentenced to life in prison. Moreover, he argues that his sentence vio-

lates due process and equal protection because defendants who plead guilty to second offenses falling within the ambit of § 16-13-30 receive lesser sentences. We affirm.

1. Edwards argues that the trial court was without authority to consider Edwards' previous conviction in determining Edwards' sentence. Edwards bases his argument on § 17-10-2 (a), which provides as follows:

> Except in cases in which the death penalty may be imposed, upon the return of a verdict of "guilty" by the jury in any felony case, the judge shall dismiss the jury and shall conduct a presentence hearing . . . . In the hearing the judge shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty . . . provided that only such evidence in aggravation as the state has made known to the defendant prior to his trial shall be admissible.

This Court has indicated that before the state can seek a life sentence under § 16-13-30 (d), the state must give notice before trial under § 17-10-2 (a) of the conviction the state plans to use in aggravation. *State v. Hendrixson*, 251 Ga. 853 (310 SE2d 526) (1984). Edwards argues that § 17-10-2 (a) only applies to jury trials, and that as he was convicted following a bench trial, the trial court had no authority to hold a presentence hearing and to consider his previous offense in aggravation.

We find this argument to be without merit. If we were to adopt Edwards' position, a defendant could always bypass the mandatory sentencing of § 16-13-30 (d) by waiving his right to a jury trial. Moreover, the adoption of Edwards' position would leave a trial court void of discretion to consider evidence in aggravation of punishment following bench trials. We cannot conclude that the General Assembly intended such a result with the enactment of § 17-10-2 (a). For these reasons, we interpret the reference to a jury verdict in § 17-10-2 (a) to include a verdict returned by any trier of fact. Thus, the trial court in the instant case had the authority to consider Edwards' prior conviction in aggravation, as the state had given Edwards notice before trial of its intent to use the conviction in aggravation.

2. Edwards next argues that his sentence violates due process and equal protection, because defendants who plead guilty to second offenses falling within the ambit of § 16-13-30 (d) do not always receive life sentences. Edwards, however, offered no proof in support of this argument, and we therefore conclude it to be without merit in the instant case.

*Judgment affirmed. All the Justices concur.*

Decided April 25, 1990.

*Ernestine V. Reeves Scott,* for appellant.

*Lewis R. Slaton, District Attorney, Nancy A. Grace, Assistant District Attorney, Michael J. Bowers, Attorney General, Leonora Grant,* for appellee.