A90A0043, A90A0237. THE STATE v. MARSHALL; and vice versa.
(394 SE2d 379)

COOPER, Judge.

Case No. A90A0043 is an appeal by the State of Georgia asserting, in a single enumeration of error, that the sentence entered by the trial court was void in that a life sentence was not imposed on Robert Marshall pursuant to OCGA § 16-13-30 (d). Case No. A90A0237 is an appeal by Robert Marshall asserting three enumerations of error relating to a police officer's testimony, sequestration of witnesses, and the chain of custody of certain evidence. Robert Marshall was indicted in one indictment on four counts for four separate sales of cocaine to an undercover deputy, was convicted by a jury on each count and was sentenced to serve fifteen years concurrently on each count.

## I. Case No. A90A0043

1. The State contends that the trial court entered a void sentence by failing to impose a life sentence for appellee's second, third and fourth convictions for the sale of cocaine as required by OCGA § 16-13-30 (d). Since this court has held that void sentences are appealable by the State, the appeal is properly before us for review. *State v. Johnson,* 183 Ga. App. 236 (358 SE2d 840) (1987); *State v. Stuckey,* 145 Ga. App. 434 (243 SE2d 627) (1978).

OCGA § 16-13-30 (d) provides, in pertinent part: "Except as otherwise provided, any person who violates subsection (b) [making it unlawful to sell any controlled substance] . . . shall be guilty of a felony. . . . Upon conviction of a second or subsequent offense, he shall be imprisoned for life." The State relies upon *State v. Hendrixson,* 251 Ga. 853, 854 (310 SE2d 526) (1984), which held that there being no statutory prerequisite of a conviction which *antedates* the offense for which the accused is sentenced, this language "is merely a direction as to the imposition of punishment under specified aggravated circumstances and does not create a separate and independent offense which must be alleged in an indictment." *Taylor v. State,* 186 Ga. App. 113 (3) (366 SE2d 422) (1988). The State further points out that other mandatory minimum imprisonment laws such as OCGA §§ 16-7-1 (burglary) and 17-10-7 (recidivists) show a specific legislative intent that there be convictions prior to the offense for which enhanced punishment is to be imposed; and that since no such language appears in OCGA § 16-13-30 (d), it must be assumed that the General

Assembly did not intend that a life sentence be imposed only for offenses occurring after a prior conviction or it would have worded the statute accordingly.

Appellee contends that the holding in *Grant v. State*, 258 Ga. 299 (368 SE2d 737) (1988) makes it clear that the legislature intended a "conviction" to mean a separate offense for which a sentence has previously been imposed pursuant to OCGA § 16-13-30 (d). *Grant* quoted the United States Supreme Court in *Rummel v. Estelle*, 445 U. S. 263, 284-285 (100 SC 1133, 63 LE2d 382) (1980), which stated that the purpose of a recidivist statute is to deter, punish and segregate repeat offenders "based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes." *Grant*, supra at Division 2. Appellee also argues that *McCoy v. State*, 168 Ga. App. 598 (310 SE2d 2) (1983) and *Croker v. Smith*, 225 Ga. 529 (4) (169 SE2d 787) (1969) require a conviction as contemplated in the recidivist statutes to be final, but a jury verdict still subject to review and possible reversal is not final and thus cannot be included in a recidivist indictment.

Pretermitting these arguments, however, we conclude that *Hendrixson* is controlling for another reason. The *Hendrixson* court held that consideration of any recidivist sentence must comply with OCGA § 17-10-2 (a) so that "only such evidence in aggravation as the [S]tate has made known to the defendant prior to his trial shall be admissible." *Hendrixson*, supra at 854-855. As explained by this court in *Anderson v. State*, 176 Ga. App. 255, 256 (335 SE2d 487) (1985), under *Hendrixson* "[t]he trial court in sentencing cannot consider prior offenses unless the same was made known to defendant prior to trial . . . ; [but] notice to defendant of intent to prosecute as a recidivist performs the function of any such notice in an indictment." In the instant case there is nothing in the record showing that the State apprised appellee or his attorney that it intended to demand recidivist punishment if he were convicted of more than one count of the indictment. Therefore, the State's position that the trial court was required to impose a mandatory life sentence and that the sentence imposed was void, is in error, consequently, this appeal is hereby dismissed.

## II. Case No. A90A0237

2. Appellant first enumerates error in the denial of his motion for a mistrial when a police officer testified in response to a question about how he identified appellant that he "was able to run a criminal history" on appellant. Appellant argued that this placed his character into evidence, yet the trial court denied appellant's motion for a mistrial and gave curative instructions to the jury. In *Ogles v. State*, 238

Ga. 716 (235 SE2d 384) (1977), the Supreme Court determined that a very similar response by a testifying police officer did not place the character of the defendant in issue. "This passing reference [to appellant's record] made in response to a question by [the State] provides no ground for overturning appellant's conviction or granting a new trial." *Herndon v. State*, 187 Ga. App. 77 (3) (369 SE2d 264) (1988). *Boyd v. State*, 146 Ga. App. 359 (246 SE2d 396) (1978), relied on by appellant, is inapposite, involving a different reference that was not responsive to a question posed.

3. Appellant's second assertion based upon a violation of the rule of sequestration of witnesses pursuant to OCGA § 24-9-61 is without merit. The presence of the undercover police deputy in the courtroom during the testimony of the forensic drug chemist "goes to the credibility rather than the admissibility" of the deputy's testimony. *O'Kelley v. State*, 175 Ga. App. 503 (1) (333 SE2d 838) (1985). Furthermore, the deputy's testimony subsequent to the chemist's testimony was not impacted by her presence in the courtroom. See *Hayes v. State*, 175 Ga. App. 135 (332 SE2d 917) (1985). It also appears from the trial transcript that appellant waived any objection he had on this issue.

4. Appellant finally asserts, without success, that the trial court erred in admitting the cocaine into evidence because the chain of custody had not been established. Upon a review of the testimony at trial, it is clear to us that the State met its burden " 'to show with reasonable certainty that the evidence [was] the same as that seized and that there [had] been no tampering or substitution.' [Cits.]" *Anderson v. State*, 247 Ga. 397 (2) (276 SE2d 603) (1981).

*Appeal dismissed in Case No. A90A0043. Judgment affirmed in Case No. A90A0237. Banke, P. J., and Birdsong, J., concur.*

DECIDED MAY 7, 1990.

*Michael C. Eubanks, District Attorney, Richard E. Thomas, Barbara A. Smith, Assistant District Attorneys*, for appellant.
*Elizabeth C. Calhoun*, for appellee.