A91A1049, A91A1050. MITCHELL v. THE STATE (two cases).
(413 SE2d 517)

CARLEY, Presiding Judge.

In Case No. A91A1049, appellant was charged with six counts of burglary and, in Case No. A91A1050, he was charged with one count of burglary and one count of criminal attempt to commit burglary. On the same day, appellant pled guilty in both cases and was sentenced in each case as a recidivist "under OCGA § 17-10-7." He appeals from the judgments of conviction and sentences entered by the trial court on the guilty pleas, enumerating as error only his recidivist sentences "under OCGA § 17-10-7."

1. Appellant urges that it was error to sentence him as a recidivist pursuant to OCGA § 17-10-7 because he was not indicted as a recidivist.

"In *Riggins v. Stynch[c]ombe*, 231 Ga. 589, 592-593 (203 SE2d 208) [(1974)], the Supreme Court concluded that under the two-step sentencing procedure then in effect, 'one must be indicted as a recidivist in order to impose recidivist punishment. . . .' [Cits.] However, in *State v. Hendrixson*, 251 Ga. 853 (310 SE2d 526) [(1984)], the Supreme Court, after noting '*Riggins* arose during the short life of a two-step felony sentencing procedure,' concluded that '(b)ecause *Riggins* stands for the proposition that it is error to disclose to the jury prior convictions before a determination of guilt, (cit.) the *only purpose* for their inclusion in the indictment is to give the accused unmistakable advance warning that the prior convictions will be used against him at sentencing.' [Cit.] The court then stressed that OCGA § 17-10-2 (a), since the 1974 Act, contains an express curative proviso 'different from inclusion of prior offenses within an indictment,' which broadly provides 'that only such evidence in aggravation as the (S)tate has made known to the defendant prior to his trial shall be admissible' at the presentencing hearing. [Cit.] Thus, *Hendrixson*, supra, . . . [held] that the important requirement was that the defendant be given an 'unmistakable advance warning that the prior convictions will be used against him at sentencing' ([cits.]), so that he will have 'enough time to rebut or explain any conviction record' ([cit.]). As 'the only purpose for inclusion of prior offenses in an indictment' is to give this warning ([cit.]), it is readily apparent that such affirmative notice can be given by other acceptable means, and there no longer exists an absolute necessity to allege prior offenses in an indictment. [Cit.] The validity of this conclusion is supported by

the fact that in cases such as this a 'defendant had no right to a *jury* determination of (the recidivist) issue,' because 'recidivism is an issue only in the sentencing phase of a trial.' [Cits.]" (Emphasis in original.) *State v. Freeman*, 198 Ga. App. 553, 556 (3) (402 SE2d 529) (1991).

Thus, OCGA § 17-10-7, "is 'merely a direction as to the imposition of punishment under specified aggravated circumstances' and does not require an allegation of a prior offense in the indictment. [Cit.]" *Anderson v. State*, 176 Ga. App. 255, 256 (335 SE2d 487) (1985). Compare *Darty v. State*, 188 Ga. App. 447, 448 (373 SE2d 389) (1988) (holding that the crime of felony shoplifting under OCGA § 16-8-14 (b) (1) (C) requires an allegation of recidivism because it "does not simply give direction to the judge for sentencing purposes but changes the very nature of the offense from a misdemeanor to a felony.") *Favors v. State*, 182 Ga. App. 179, 180 (2) (355 SE2d 109) (1987) ("Unlike the recidivist statutes, OCGA § 16-11-131 (b) requires that the previous felony conviction be proved to the jury as one of the *elements* of the *crime*. [Cits.]" (Emphasis supplied.)) It follows that the lack of any allegation as to appellant's recidivism in the indictments in the instant cases would be no impediment to the imposition of recidivist sentences pursuant to OCGA § 17-10-7. *State v. Freeman*, supra; *Anderson v. State*, supra. See also *Rhodes v. State*, 200 Ga. App. 193, 199 (7) (407 SE2d 442) (1991).

2. Appellant urges that, even if it was proper to sentence him as a recidivist, it would not be proper to sentence him as a *fourth* offender under OCGA § 17-10-7 (b).

Appellant could be sentenced as a fourth offender pursuant to OCGA § 17-10-7 (b) only if, pursuant to OCGA § 17-10-2 (a), the State had given him pre-trial notice of the *three* prior felonies upon which it intended to rely. *State v. Hendrixson*, supra; *State v. Freeman*, supra; *Anderson v. State*, supra. Contrary to the State's contention, neither of appellant's *instant* convictions can serve as the partial predicate for the imposition of a fourth offender recidivist sentence under OCGA § 17-10-7 (b) in the other. At the time that the State was required to give its *pre-trial* notice so as to comply with OCGA § 17-10-2 (a), appellant's two *instant* convictions were neither final nor convictions. "[T]he offenses charged in the indictment[s] for which [appellant] was [to be tried] could [not] be considered in determining his status as a recidivist." *McCoy v. State*, 168 Ga. App. 598-599 (310 SE2d 2) (1983) (On Motion For Rehearing). "The conviction must be final before it can be included in [the pre-trial notice given by the State pursuant to OCGA § 17-10-2 (a)]." *Croker v. Smith*, 225 Ga. 529, 532 (4) (169 SE2d 787) (1969).

The record shows that the State complied with OCGA § 17-10-2 (a) only insofar as it gave pre-trial notice of its reliance upon *two* of

appellant's prior convictions for felonies. Only one of those prior convictions was for burglary. Accordingly, appellant was, for sentencing purposes, more than a mere two-time burglary offender under the specific recidivist provisions of OCGA § 16-7-1 (b). He was a three-time felony offender under the general recidivist provisions of OCGA § 17-10-7 (a). See *Green v. State*, 154 Ga. App. 295, 298 (3) (267 SE2d 898) (1980). Accordingly, the trial court properly sentenced appellant as a recidivist "under OCGA § 17-10-7," and erred only to the extent that it did not specify that the sentences were being imposed pursuant to subsection (a) rather than subsection (b) of that statute. Therefore, "[t]o avoid further litigation on this point and on [appellant's] future eligibility for parole, we affirm [these] case[s] with direction to the trial court to amend the order[s] sentencing [appellant] to show that '[Appellant] was not found to be a fourth offender under [OCGA § 17-10-7 (b)].'" *Hinton v. State*, 138 Ga. App. 702, 704 (5) (227 SE2d 474) (1976).

*Judgments affirmed with direction. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED NOVEMBER 27, 1991.

*James A. Yancey, Jr.*, for appellant.
*W. Glenn Thomas, Jr.*, District Attorney, *Charles K. Higgins*, Assistant District Attorney, for appellee.