## A92A1633. MOSS v. THE STATE.
(425 SE2d 386)

Cooper, Judge.

Appellant was convicted by a jury of selling cocaine in violation of the Georgia Controlled Substances Act (OCGA § 16-13-30 (b)). He appeals his conviction and sentence and the trial court's denial of his motion for a new trial.

Two undercover agents with the Georgia Bureau of Investigation testified that on January 18, 1991, they were driving around in a van equipped with a hidden video camera, attempting to purchase drugs from street-level dealers. Appellant walked up to the van and stuck his hand in the window, opening it to show one piece of an off-white compressed substance suspected to be cocaine. The agents said they were looking for more than one piece. Appellant's co-defendant then came up to the vehicle and asked how much they wanted. When the agents responded that they wanted to spend about $130, appellant gave his one piece to co-defendant, who then went into a nearby trailer and returned with five pieces of cocaine. After negotiating the price, the agents purchased those five pieces for $100 and left. Appellant and co-defendant were arrested later, when the undercover operation was complete. Appellant testified that the substance in his hand was not cocaine and that he was not involved in the sale.

1. Appellant first argues that, because the agents could not testify that they were certain that the piece of suspected cocaine given by appellant to co-defendant was one of the five pieces of cocaine sold by co-defendant to the agents, the five pieces of cocaine were irrelevant to the question of appellant's guilt and should not have been admitted into evidence at his trial. " 'Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant.' [Cits.]" *Owens v. State*, 248 Ga. 629, 630 (284 SE2d 408) (1981). Furthermore, "the admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion." *O'Neal v. State*, 254 Ga. 1, 3 (3) (325 SE2d 759) (1985). If nothing else, the five pieces of cocaine in this case were highly probative of the fact that the sale in which appellant was allegedly involved occurred. Accordingly, the trial court did not abuse its discretion in admitting into evidence the five pieces of crack cocaine sold by co-defendant to the agents.

2. In his second enumeration of error, appellant contends the trial court erred in admitting a videotape of the agents' encounter with appellant and co-defendant and the ensuing cocaine sale over appellant's objection that the videotape had not been produced in re-

sponse to appellant's pre-trial *Brady* motion. See *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). Appellant asserts that the videotape was exculpatory because it contradicted the agents' testimony that appellant sold them cocaine by demonstrating that the actual sale transaction was between the agents and co-defendant. Even if we accept appellant's assertion that the videotape is exculpatory *Brady* material, *Brady* "does not require pre-trial disclosure of materials sought under a *Brady* motion, nor is there a *Brady* violation where information sought becomes available to the accused at trial. [Cit.] . . . 'There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one. . . .'" (Indentation omitted.) *Shearer v. State*, 259 Ga. 51 (1) (376 SE2d 194) (1989). In this case, the videotape was made available at trial and appellant was able to cross-examine the agents thoroughly regarding purported contradictions between their testimony and the videotape. Thus, there was no *Brady* violation and the trial court did not err in admitting the videotape.

3. Appellant argues that the trial court erred in instructing the jury on "parties to a crime" because there was no evidence of any connection between appellant and the crime. There was testimony that appellant was the first person to approach the van and that he stuck his hand in the window and opened it to reveal a substance that looked like crack cocaine. When the agents wanted a larger quantity, appellant handed the substance in his hand to co-defendant, who left and returned with five pieces of cocaine. There was also testimony that after his arrest appellant voluntarily gave an oral statement in which he said co-defendant "really sold the drugs to the guys in the van," but admitted that he "started running cars somewhere around the middle of January, 1991. For every hundred dollars worth of crack I sold, I would get $20 in cash or either $20 worth of crack." Although there is no direct evidence that any of the pieces of cocaine sold to the agents came from appellant, there is certainly evidence from which reasonable jurors could logically infer that one of those pieces came from appellant or that appellant intentionally aided and abetted in the sale by first approaching the van and talking with the agents and then staying outside with the van until co-defendant returned to make the sale or both. " ' "Where there is any evidence, however slight, upon a particular point, it is not error to charge the law in relation to that issue. (Cit.). . . ." [Cit.]' [Cit.]" *Adams v. State*, 193 Ga. App. 628 (388 SE2d 747) (1989). We conclude that the trial court did not err in charging the jury on the parties to a crime.

4. Appellant also contends that the evidence at trial was insufficient to support the verdict against him. As described above in Division 3, however, the evidence against appellant, viewed in a light favorable to the verdict, was sufficient to enable the jury to find ap-

pellant guilty of selling cocaine beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. Lastly, appellant argues that the trial court should not have considered appellant's prior convictions and sentenced him to life as a recidivist under OCGA § 16-13-30 (d) because the State did not notify appellant of its intention to submit those prior convictions to the court for consideration in sentencing. OCGA § 17-10-2 (a) provides that before sentencing, "the judge shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions . . . , provided that only such evidence in aggravation as the state has made known to the defendant prior to his trial shall be admissible." The notice requirement of OCGA § 17-10-2 (a) applies to mandatory life sentences imposed under OCGA § 16-13-30 (d). See *State v. Hendrixson*, 251 Ga. 853 (310 SE2d 526) (1984). The State's assertion that it orally notified appellant that it intended to seek a life sentence under the recidivist statute is confirmed by a colloquy between the court and appellant's counsel in the record. After co-defendant changed his plea to guilty, the court was discussing with appellant's counsel the possibility that his client might do the same. The court asked appellant's counsel if appellant had been convicted before, eliciting the response "Yeah, he's facing life. That's why he won't plead." Moreover, the State also provided written notice to appellant that it intended to present evidence of his prior convictions as similar transactions at trial. While that written notice did not mention sentencing, it did provide appellant with necessary details regarding the prior convictions which, in combination with oral notification that the State intended to seek a life sentence under the recidivist statute, would fulfill the purpose of the notification requirement by enabling appellant " 'to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial.' [Cit.]" *Roberts v. State*, 252 Ga. 227, 240 (11) (314 SE2d 83) (1984). Although a written notification of the State's intent to prosecute as a recidivist is preferable, it is not required as long as the notification is clear. See *Fox v. State*, 163 Ga. App. 601 (2) (295 SE2d 563) (1982). We conclude that, under the circumstances of this case, appellant had adequate notice that he faced treatment as a recidivist.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 17, 1992.

*Dunaway & Wallace, Harold W. Wallace III, Jimmy D. Plunkett,* for appellant.

*Dennis C. Sanders, District Attorney, Robert G. Dunn III, Assis-*

*tant District Attorney*, for appellee.