S93G1827. ARMSTRONG v. THE STATE.
(442 SE2d 759)

Thompson, Justice.

Defendant was convicted for the sale of crack cocaine and sentenced to life imprisonment in accordance with OCGA § 16-13-30 (d). On appeal to the Court of Appeals, defendant asserted the state did not give him notice pursuant to OCGA § 17-10-2 (a) that it intended to use his prior drug conviction in aggravation of punishment. The Court of Appeals affirmed, holding that the state need not give a re-

peat drug offender notice that it plans to use a prior drug conviction in aggravation. *Armstrong v. State*, 209 Ga. App. 796 (434 SE2d 560) (1993). In a special concurrence, three judges disagreed with the majority's conclusion that notice of aggravation need not be given to a repeat drug offender, but determined that defendant received the requisite notice because he was advised of the state's intent to present similar transaction evidence at trial. Id. We granted certiorari to review the opinion of the Court of Appeals.

1.

> This court has indicated [previously] that before the state can seek a life sentence under § 16-13-30 (d), the state must give notice before trial under § 17-10-2 (a) of the conviction the state plans to use in aggravation. *State v. Hendrixson*, 251 Ga. 853 (310 SE2d 526) (1984).

*Edwards v. State*, 260 Ga. 121, 122 (390 SE2d 580) (1990). We now so hold and reiterate that if a life sentence is to be imposed under OCGA § 16-13-30 (d), the state must notify defendant of any conviction it intends to use in aggravation of punishment pursuant to OCGA § 17-10-2 (a).

2. Providing notice of intent to present similar transaction evidence does not vitiate the state's need to give notice that it plans to use a prior conviction in aggravation of punishment. The purpose of § 17-10-2 is to give defendant a chance

> "to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial. *Herring v. State*, 238 Ga. 288, 290 (232 SE2d 826) (1977)."

*Roberts v. State*, 252 Ga. 227, 240 (11) (314 SE2d 83) (1984). This purpose is not served by the similar transaction notice.

When a defendant is given notice that a conviction will be used in aggravation of punishment, he can challenge the validity of the conviction, not its similarity. *Roberts v. State*, supra. Unless given notice of intent to use a previous conviction in aggravation of punishment, a defendant will not "be on notice" that he should explore defects which could render the document inadmissible. Id. It follows that the state cannot fulfill its responsibility under OCGA § 17-10-2 (a) by relying solely on a notice of similar transactions. *Edwards v. State*, supra. Cf. *Moss v. State*, 206 Ga. App. 310, 312 (425 SE2d 386) (1992) (state's notice that it intended to present evidence of prior convictions as similar transactions, coupled with oral notice that it intended to seek a life sentence under recidivist statute, fulfilled the

purpose of notification requirement).

3. Despite the holding in Divisions 1 and 2, we affirm the judgment of the Court of Appeals because defendant did not interpose an objection when the state introduced defendant's prior conviction into evidence during the pre-sentencing phase of the trial. The error is deemed waived. *McDuffie v. Jones*, 248 Ga. 544 (3) (283 SE2d 601) (1981); *Franklin v. State*, 201 Ga. App. 147 (2) (410 SE2d 451) (1991).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 16, 1994 —
RECONSIDERATION DENIED JUNE 3, 1994.

*Neil L. Heimanson*, for appellant.
*Dupont K. Cheney, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.