A00A0816. HERRINGTON v. THE STATE.
(533 SE2d 133)

BLACKBURN, Presiding Judge.

Following a jury trial, Clifford Maurice Herrington appeals his convictions of two counts of armed robbery. Herrington contends that: (1) the bailiff had improper communication with the jury; (2) the trial court expressed an opinion about his guilt in front of the jury; (3) the trial court failed to charge on the law of confessions; and (4) he was improperly sentenced as a recidivist.

1. For the first time on appeal, Herrington contends that the bailiff had improper communication with the jury. Herrington bases his contention on a statement made by the bailiff concerning a note sent from the jury.

The record reveals that after deliberations began, the jury sent a note to the trial court inquiring: "What happens when the jury cannot come to a unanimous decision?" Because the indictment involved multiple counts, the trial court responded with a note stating: "First, let me inquire as to whether you have reached a verdict on any of the counts, one, two, three, four or five, or whether you are hung up on all. Do not tell us however what your verdict is or what count it is." The jury returned a note, which the trial court described: "It's a lot of

scribbling. 'No; verdict on' looks like line 1 and then a circle around it, and then written again, 'No; verdict on (o-n-e) count.'" The trial court and counsel engaged in a discussion as to the meaning of the jury's note during which the trial court acknowledged its confusion. The bailiff noted: "I tried to tell them that at first."

Herrington contends that the bailiff's statement indicates that he had improper communication with the jury. This issue was raised neither at the time it occurred nor in Herrington's motion for new trial. "[O]bjections to irregularities must ordinarily be made at a time when they may be remedied, or they are waived." *State v. Williamson*, 247 Ga. 685, 686 (279 SE2d 203) (1981). Consequently, Herrington has waived any error by failing to timely raise it.

2. In his second enumeration of error, Herrington contends that the trial court erred by expressing an opinion about his guilt. See OCGA § 17-8-57. However, Herrington failed to preserve any error regarding the trial court's comments by failing to raise any contemporaneous objection with the trial court. See *Wilson v. State*, 268 Ga. 527, 529-530 (5) (491 SE2d 47) (1997) ("[d]efendant waived the right to assert a violation of OCGA § 17-8-57 because he did not contemporaneously object or move for a mistrial on that ground").

3. Herrington asserts that the trial court erred in failing to charge on the law of confessions. OCGA § 24-3-53 provides: "All admissions shall be scanned with care, and confessions of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify a conviction." However, in order for a defendant's statement to be considered a confession, it must include all elements of the offense charged. In the present case, Herrington admitted only to robbing convenience stores on five occasions. He did not admit to committing the *armed* robberies of which he was indicted.

> [Herrington's] argument fails to take into account the difference between an admission and a confession. In the former only one or more facts entering into the criminal act are admitted, while in the latter the entire criminal act is confessed. The reason confessions must be corroborated is to ameliorate the danger of a coerced confession or the confession of a mentally unbalanced person providing the entire proof used to convict a defendant. Admissions, on the other hand, do not admit every element of the offense, leaving on the State the burden of proving some elements of the offense by evidence other than the admissions. That evidence need not corroborate the admissions, but must provide proof of those elements of the offense not admitted. Since [Herrington] did not admit every essential element of the

charged offense, the statement constituted an admission, not a confession. There is substantial difference between admissions and confessions. Admissions relate to any fact material to the issue, and are to be scanned with care and considered, with any other evidence, for what they are worth. It is not declared or required that they be corroborated by other evidence in the case, as are confessions of the crime. That long-standing statement of the law remains valid today. Because there was no confession in this case, there was no requirement of specific corroboration of [Herrington's] admissions and no requirement that the jury be charged on the issue of confessions.

(Citations and punctuation omitted.) *Lowe v. State*, 267 Ga. 180, 181-182 (4) (476 SE2d 583) (1996).

Even if viewed as a confession, Herrington's statement was sufficiently corroborated so that the requested charge was not required because it was not adjusted to the facts. Cf. *Fleming v. State*, 269 Ga. 245, 247 (2) (497 SE2d 211) (1998) ("it is not error to fail to give a charge on corroboration of accomplices where the State relies upon other evidence") (punctuation omitted). The trial court did not err in failing to charge the jury on confessions.

4. In his final enumeration of error, Herrington contends that he was improperly sentenced as a recidivist because the State's notice of intent to seek recidivist punishment, pursuant to OCGA §§ 17-10-2 and 17-10-7 (b), did not include an attachment constituting evidence of the prior serious violent felony. The record reveals that Herrington received notice of intent to introduce evidence of similar transactions, attached to which was a copy of his previous conviction for armed robbery. Herrington also received a notice of intent to seek recidivist punishment, although a copy of the previous conviction was not attached to this notice.

Under circumstances substantially similar to these, we have concluded that the defendant received adequate notice that he faced treatment as a recidivist. See *Moss v. State*, 206 Ga. App. 310, 312 (5) (425 SE2d 386) (1992). Compare *Armstrong v. State*, 264 Ga. 237, 238 (2) (442 SE2d 759) (1994) (notice of the intent to present similar transaction evidence alone is not sufficient to satisfy notice requirements of OCGA § 17-10-2 for recidivist punishment — but notice of prior convictions as similar transactions coupled with oral notice of intent to seek recidivist punishment sufficient). Herrington received sufficient notice of the State's intent to seek recidivist punishment.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED MARCH 29, 2000.

Peter D. Johnson, for appellant.
Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, for appellee.