# Court of Appeals
# of the State of Georgia

ATLANTA,  September 12, 2022

*The Court of Appeals hereby passes the following order:*

**A23A0262. CLIFFORD HERRINGTON v. THE STATE.**

In 1998, Clifford Herrington was convicted of two counts of armed robbery and sentenced as a recidivist to life imprisonment without the possibility of parole. This Court affirmed Herrington's judgment of conviction and sentence on direct appeal. *Herrington v. State*, 243 Ga. App. 265 (533 SE2d 133) (2000). In 2021, Herrington filed a pro se "Motion for Resentencing Under Substantive Change in Law." Herrington argued in this motion that he should be resentenced under the changes to OCGA § 17-10-6.1 that became effective in 2013, and under which a trial court may depart from the mandatory minimum sentence for a defendant convicted of a serious violent felony when the State and the defendant agree to a sentence below the mandatory minimum. See 2013 Ga. Laws Act 84 (H. B. 349). The trial court denied the motion, and Herrington filed this appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a trial court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Herrington filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). "Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it

exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). A direct appeal does not lie from the denial of a motion to vacate a void sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Here, Herrington has failed to raise a colorable claim that his sentence is void. Herrington's sentence is not void simply because of changes to OCGA § 17-10-6.1 that became effective in 2013 and were enacted well after his sentence was imposed in 1998. "The universal and well-settled rule of statutory construction is that legislative enactments are not intended to operate retroactively unless there is a clear directive that they do so, and that persons who commit crimes are to be convicted and sentenced under the laws that existed at the time the crimes were committed." *Humphrey v. Wilson*, 282 Ga. 520, 528 n. 41 (3) (c) (652 SE2d 501) (2007) (citation omitted). Indeed, Herrington's life sentence fell within the range of allowable sentences for his armed robbery crimes and is therefore not void. See OCGA § 16-8-41 (1998). Because Herrington has failed to raise a colorable void-sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __09/12/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*